UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                                  Case No. 3:23-cr-95-MCR-HTC

JEREMY M. BRUNDIDGE

_____/

ORDER OF DETENTION

On December 21, 2023 the Court held a hearing on the government's oral motion for detention pursuant to the Bail Reform Act of 1984, as amended, 18 U.S.C. § 3141, *et seq*. Based upon the information contained in the pretrial services report, the evidence presented at the hearing, and the arguments of counsel, the Court finds Defendant shall be detained pending trial because there are no conditions or combination of conditions which will reasonably assure Defendant will not be a risk of flight or a danger to the safety of the community if released.

I.     The Bail Reform Act

The Bail Reform Act of 1984 provides a framework for determining whether pretrial detention is appropriate. *See* 18 U.S.C. § 3142. Under the Act, a court must order a defendant be detained if, after hearing, it finds that "no condition or combination of conditions will reasonably assure [the defendant's] appearance … and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1);

*United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).  A finding of risk of flight must be supported by a preponderance of the evidence, while a finding of danger must be supported by clear and convincing evidence.  *See United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

"Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25 (1979); *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (clear and convincing evidence is evidence which induces "an abiding conviction that the truth of its factual contentions are 'highly probable'"). "To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty."  *Chimurenga,* 760 F.2d at 405.  Additionally, "danger to the community" does not refer to simply risk of physical violence; instead, it includes a danger that the defendant might engage in criminal activity that is a detriment to the community.  *See United States v. Ingram*, 415 F. Supp. 3d 1072, 1077 (N.D. Fla. 2019) (collecting cases).  Danger to the community, thus, includes "the harm to society caused by narcotic trafficking."  *Id.*

Although the burden of proof generally falls on the government, when probable cause is established in certain cases, a rebuttable presumption of detention arises that no such conditions exist.  18 U.S.C. § 3142(e)(3).  Those cases are

3:23-cr-95-MCR-HTC

identified in 3142(e)(3) and include an offense "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.* In a rebuttable presumption case, the defendant bears the burden of production – that is the burden of producing evidence to rebut the presumption. *See e.g., United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). While the burden is not a heavy one, even if it is met, the presumption nonetheless remains a factor for the court to consider. *See United States v. Stricklin*, 932 F.2d 1354, 1355 (10th Cir. 1991). Also, even in a rebuttable presumption case the burden of persuasion remains with the government. *See id.* at 1354-55; *Mercedes*, 254 F. 3d at 436.

This is a rebuttable presumption case because Defendant is charged with a felony drug offense, which carries a maximum term of imprisonment of more than 10 years. "The rebuttable presumption in 18 U.S.C. § 3142(e) exists to advance Congress's belief that those charged with serious drug crimes are necessarily a danger to the community and should be detained to protect the public, absent a showing by the defendant that he is not a danger to the community." *United States v. Kidd*, 2013 WL 142317, at *3 (N.D. Ga. Jan. 11, 2013).

To determine whether a defendant should be released on conditions or detained, courts consider the following factors: (1) the nature and circumstances of

the offense charged, including whether the offense is a crime of violence, (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g). Although § 3142(g) identifies the factors the courts should consider, it says nothing about the relative weight a court should give them when deciding whether to release or detain a defendant.  *See generally* 18 U.S.C. § 3142(g).  Instead, the weight given to each factor will inevitably vary from case to case and might even vary depending on whether the inquiry relates to a defendant's danger or to his risk of flight.  *United States v. Zhang*, 55 F.4th 141, 150 (2d Cir. 2022).  The judicial officer is given "substantial latitude in determining whether pretrial detention is appropriate." *King*, 849 F.2d at 487.

## II.    Analysis

Considering the § 3142(g) factors, and for the reasons discussed below, the Court finds there are no conditions or combination of conditions that could be imposed which would reasonably assure the Court Defendant will not be a danger to the community or a risk of nonappearance.

### A. Nature and Circumstances of the Offense Charged.

When considering the nature and circumstances of the offense, the court considers "whether the offense is a crime of violence, a violation of section 1591, a

3:23-cr-95-MCR-HTC

Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).

Here, Defendant has been indicted by the grand jury of the following felony offenses: Count 1 charges Defendant with conspiracy to distribute and possession with intent to distribute a controlled substance involving 400 grams or more of fentanyl, and 500 grams or more of a mixture containing cocaine, and carries a penalty that includes a minimum mandatory term of 10 years' incarceration to a maximum term of life and Count 4 charges Defendant with conspiracy to use a communication facility in the furtherance of a felony, which carries a penalty of up to 4 years' imprisonment.

The possession, use, and distribution of illegal drugs represent "one of the greatest problems affecting the health and welfare of our population." *Treasury Employees v. Von Raab*, 489 U.S. 656, 668 (1989). Drug distribution causes "grave harm to society." *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring in part). A "seller of addictive drugs may inflict greater bodily harm upon members of society than the person who commits a single assault." *Rummel v. Estelle*, 445 U.S. 263, 296 n.12 (1980) (Powell, J., dissenting).

Notably, according to the Centers for Disease Control and Prevention, fentanyl is up to 50 times stronger than heroin and 100 times stronger than morphine. https://www.cdc.gov/stopoverdose/fentanyl/index.html; *United States*

*v. Brown*, 538 F. Supp. 3d 154, 170 (D.C. 2021) (Lamberth, J.) ("Fentanyl, a

synthetic opioid, is 50 to 100 times more potent than morphine and 50 times more

potent than heroin ... Given that those who use fentanyl ... risk serious bodily

injury or death, the danger posed to the [community] by [the defendant's] pre-trial

release would be great." (internal quotations omitted)). It is a major contributor to

fatal and nonfatal overdoses in the United States.

*https://www.cdc.gov/stopoverdose/fentanyl/index.html*.  The Court finds the nature

and circumstances of the offenses charged weigh in favor of detention.

      B.  Weight of the Evidence.

      This factor requires the district court to consider evidence proffered by the

government which it intends to use at Defendant's trial.  In considering the weight

of the evidence, the court considers both the weight of the evidence of dangerousness

and the government's underlying case against the defendant.  *United States v.*

*Berkun*, 392 F. App'x 901, 903 (2d Cir. 2010); *United States v. Norris*, 188 F. App'x

822, 830 (11th Cir. 2006).  "While it is true that the Court's determination of this

factor 'neither requires nor permits a pretrial determination of guilt,' the Court can

still weigh the evidence and determine whether it proves that the defendant poses a

risk to others and/or is at risk of flight."  *United States v. Slatten,* 286 F. Supp. 3d

61, 67–68 (D.D.C. 2017) (internal citations omitted), *aff'd,* 712 F. App'x 15 (D.C.

Cir. 2018); *United States v. Pirk,* 220 F. Supp. 3d 402, 410 (W.D.N.Y. 2016).

The weight of the evidence is a common-sense consideration.  For instance, if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk defendant will flee to avoid future court proceedings and may indicate the defendant is a present danger to himself or the community if the government's allegations later prove to be true. Alternatively, if the only evidence against a defendant is circumstantial, contradicted, or unreliable, the defendant has less reason to duck court proceedings in the interest of proving his innocence and that evidence does not support viewing the defendant as a risk to the safety of the community.  As such, the weight of the evidence against Defendant will be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate. *United States v. Blackson*, 2023 WL 1778194, at *10 (D.D.C. Feb. 6, 2023).

At the detention hearing, the government proffered that in December 2022, law enforcement began an investigation into suspected drug activities of co-defendant, L. Chamberlain, who they believed was involved in distributing large quantities of controlled substances, including cocaine and fentanyl.  This investigation involved surveillance, court-ordered interception of calls, and the execution of search warrants.  As part of the investigation, law enforcement identified Defendant as a distributor for Chamberlain.

The government intercepted calls between Chamberlain and Defendant, including the following:

According to law enforcement interpretation, on October 16, 2023, Defendant was trying to put Chamberlain in contact with another distributor. Gov't Exh. 1.

According to law enforcement interpretation, on October 17, 2023, Chamberlain contacted Defendant and accused him of taking all of Chamberlain's cocaine, rather than the agreed upon amount. Gov't Exh. 2.

Although no transcripts were introduced, the government also proffered other calls were intercepted between Chamberlain and Defendant, during which they discussed electronic transfer of funds through CashApp and how to structure the transfers.

The government also proffered that when law enforcement executed search warrants on residences associated with Chamberlain and where law enforcement believed drugs were being stashed, they recovered over 3,000 grams of fentanyl.

The Court finds the evidence presented by the government weighs in favor of detention.

C. The History and Characteristics of the Defendant.

In considering the history and characteristics of a defendant, the court considers such matters as the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.  18 U.S.C. § 3142(g).

Defendant is 36 years old and reported to the US Probation Office that he lives with his girlfriend in a residence in Crestview.  Defendant's girlfriend, however, told USPO that Defendant lives with his mother and only stays with her from time to time.  Thus, the status of his residence is unclear.  Regardless, Defendant has family in the Northern District, including two siblings, a mother, and two minor children. Defendant is currently unemployed.

Defendant's criminal history includes the following:  In 2007, at the age of 19, Defendant was convicted of selling and possession of a controlled substance.  He was given probation and violated that probation by engaging in a new law violation. He was then given community control and squandered that opportunity by testing positive for cocaine and staying at an unapproved residence.  Defendant's probation was revoked and he served 9 months in jail.  In 2010, Defendant pled guilty to resisting arrest without violence.  In 2011, Defendant pled guilty to possession of cocaine and was once again given an opportunity for probation.  Defendant violated the probation by engaging in a new law violation.  Defendant was placed back on

probation and violated again by absconding.[1]   In 2018, Defendant violated the

probation again with a new law violation, resulting in a revocation of probation and

a 4-year prison sentence.  Defendant was released in October 2021.  Within one year

of being released, Defendant pled guilty to resisting officer without violence, 3

counts of possession of a controlled substance, 2 counts of driving while license

suspended, and possession of drug paraphernalia.

Given Defendant's criminal history, the Court finds Defendant (1) is unlikely

to cease criminal activity while on release as he was unable to do so while on

probation, and (2) is unlikely to abide by any terms and conditions this Court

imposes on him.

Also, while the Court recognizes that none of the convictions involved violent

crimes *per se*, it cannot be disputed drug dealing is "a violence-prone business."

*United States v. Lane*, 252 F.3d 905, 907 (7th Cir. 2001); *see United States v. Caro*,

597 F.3d 608, 624 (4th Cir. 2010) ("[I]llegal drugs have long and justifiably been

associated with violence."); *United States v. Diaz*, 864 F.2d 544, 549 (7th Cir. 1988)

(noting "the illegal drug industry is, to put it mildly, a dangerous, violent business").

"[A]n indictment for a drug trafficking offense is strong evidence that the defendant

---

[1] During the period in which Defendant had absconded, which was between 2012 and 2018, Defendant was convicted of driving while license suspended and possession of a controlled substance.

is a risk to the community." *United States v. Allen*, 891 F. Supp. 594, 599 (S.D. Fla. 1995). Indeed, studies "demonstrate a direct nexus between illegal drugs and crimes of violence." *Harmelin*, 501 U.S. at 1003, 111 (Kennedy, J., concurring). Thus, the Court finds this factor weighs in favor of detention.

D. The Nature and Seriousness of the Danger Posed by Release.

In determining whether detention is necessary, a court "makes a judgment about the persuasiveness of the evidence offered by each party[.]" *United States v. Clum*, 492 F. App'x 81, 85 (11th Cir. 2012) (citation omitted). Here, Defendant only proffered and presented no evidence. His argument for release was limited to his lack of risk of flight, but ignored the 6-year absconding capias. Defendant did not offer any evidence or argument he would not be a risk of danger to the community.

Given that lack of evidence, when compared to the government's evidence, the Court finds there is a serious danger that, if released, Defendant will return to drug trafficking activity, particularly given his lack of employment and prior violations. *See United States v. Martin*, 2017 WL 4080689, at *3 (S.D. Ga. Sept. 14, 2017) ("Congress has recognized that those in the drug 'business'—entrepreneurs like this defendant—'pose a significant risk of pretrial recidivism.'"). The risk a defendant will continue to engage in drug trafficking constitutes a danger to the safety of the community. *King*, 849 F.2d at 487, n.2.

Thus, based on the evidence proffered by the government, the Court finds Defendant has not overcome the presumption that no condition or combination of conditions will reasonably assure Defendant will not be a risk of non-appearance or pose a danger to the community.

Accordingly, the Court **ORDERS** Defendant be held in the custody of the Attorney General or his designated representative pending trial in this matter.  The Attorney General or his designated representative shall, to the extent practicable, confine Defendant separate from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity to consult with counsel in private while in custody.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 22nd day of December, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

3:23-cr-95-MCR-HTC